UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACKIE TASKER, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs*. | ) | 1:14-cv-00139-JMS-MJD |
| | ) | |
| COOK MEDICAL INCORPORATED, COOK IN-<br>CORPORATED, COOK GROUP, INC., WILLIAM<br>COOK EUROPE APS, DOES I-XX, and ROE<br>CORPORATIONS XXI-XL, | )<br>)<br>)<br>) | |
|     *Defendants.* | ) | |

# **ORDER**[1]

On January 31, 2014, the Court issued an order regarding deficiencies in Plaintiff Jackie Tasker's Complaint. [Filing No. 9.] The Court specifically ordered that Ms. Tasker file an Amended Complaint setting forth which American business form Defendant William Cook Europe APS ("Cook Europe") most closely resembles. [Filing No. 9, at ECF pp. 1-2.]

On February 12, 2014, Ms. Tasker filed an Amended Complaint, stating that "Plaintiff believes and is informed and thereupon alleges that [Cook Europe] is a company based in Bjaeverskov, Denmark. Plaintiff alleges that Cook Europe's business form closely resembles a corporation in the United States. Therefore, Cook Europe should be considered a citizen of Denmark." [Filing No. 10, at ECF p. 3.] Ms. Tasker's allegations regarding Cook Europe's citizenship are still problematic. First, it appears that Ms. Tasker bases her allegations regarding Cook Europe's citizenship upon information and belief, which is improper. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of

---

[1] As part of the Court's pilot program regarding hyperlinking in Court filings, this Order contains hyperlinks to documents previously filed in this case, and to legal authority.

- 1 -

my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported). Second, if Cook Europe most closely resembles a United States corporation, then the Court needs to know its place of incorporation and its principal place of business. *See Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business). Ms. Tasker has not provided Cook Europe's place of incorporation, and only alleges that it is "based in Bjaeverskov, Denmark," which is not the same as providing its principal place of business.

Additionally, the caption of Ms. Tasker's Amended Complaint lists "Does I-XX and Roe Corporations XXI-XL" as Defendants. [Filing No. 10.] But the body of that pleading ignores those fictitious parties and does not identify any claims against them. [Filing No. 10.] As a general matter, "John Does" are not allowed in federal diversity suits because diversity jurisdiction must be proved by the plaintiffs rather than assumed as a default. *Howell v. Tribune Entertainment Co. v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship"); *Moore v. General Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996) ("this court cannot presume that [ABC Corporations] 1-10 are diverse with respect to the plaintiff"). It is unclear whether Ms. Tasker actually intends to assert claims against Does I-XX and Roe Corporations XXI-XL.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012),

and a federal court always has a responsibility to ensure that it has jurisdiction, *[Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009)](.).

For these reasons, the Court **STRIKES** Ms. Tasker's Amended Complaint. [[Filing No. 10](.)] Ms. Tasker is **ORDERED** to file a Second Amended Complaint by **February 24, 2014** which properly alleges Cook Europe's citizenship. For an example of a complaint that properly addressed a foreign entity issue in another case, Ms. Tasker should review *[McGuire v. Organon USA, Inc., et al.*, No. 1:13-cv-1596-JMS-MJD, dkt. 11 at 2, ¶ 3](.). Additionally, Ms. Tasker's Second Amended Complaint should address the Court's concerns regarding the presence of "Does I-XX" and "Roe Corporations XXI-XL" as parties to this litigation. Defendants need not answer Ms. Tasker's Amended Complaint but, instead, should answer or otherwise respond as provided by the Federal Rules of Civil Procedure after being served with the Second Amended Complaint.

**Distribution via ECF only to all counsel of record**